## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-CV-20590-RAR
### (18-CR-20664-RAR)

**FABIAN ANTHONY PERPALL**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

### <u>ORDER STAYING PENDING SECTION 2255 PROCEEDINGS</u>

**THIS CAUSE** comes before the Court on Movant's Motion to Vacate under 28 U.S.C. § 2255 ("Mot."). [ECF No. 1]. Movant raises two claims of "newly discovered evidence" related to the "sworn affidavit" of Lamont Riley. *See* Riley Affidavit [ECF No. 1-2] at 13–15. This Motion, however, is not Movant's first § 2255 motion to vacate. Movant previously filed a § 2255 motion on August 30, 2022, in Case No. 22-CV-22770. *See* Motion to Vacate, *Perpall v. United States*, No. 22-CV-22770 (S.D. Fla. Aug. 30, 2022), ECF No. 1. Although the Court denied that motion on its merits, *see Perpall v. United States*, No. 22-CV-22770, 2022 WL 17551101, at *10 (S.D. Fla. Dec. 9, 2022), Movant appealed that decision to the United States Court of Appeals for the Eleventh Circuit, *see generally Perpall v. United States*, No. 23-10013 (11th Cir. Jan. 3, 2023).

The Court has the obligation "to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Movant's intent is clear—to bring new claims on collateral review that had not been previously raised in his original § 2255 motion. But under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner is

generally barred from filing a second or successive motion to vacate. *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar."). Nevertheless, for the foregoing reasons, the Court concludes that the instant Motion should be reconstrued as a FED. R. CIV. P. 15(a) motion to amend in Case No. 22-CV-22770 and that proceedings in that case should be **STAYED** pending a resolution of Movant's appeal.

In an unpublished opinion, the Eleventh Circuit opined that when "a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." *Blackmon v. Sec'y, Dep't of Corr.*, 803 F. App'x 232, 234 (11th Cir. 2020) (quoting *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008)). The issue, though, is determining whether the "adjudication" of Movant's prior § 2255 motion is "complete" since Movant appealed the Court's decision denying the motion on the merits. As this Court has previously explained, "there is currently a split amongst the circuit courts of appeals as to what a district court should do if a movant attempts to amend his § 2255 motion <u>after</u> filing a notice of appeal." *Atkins v. United States*, No. 22-CV-22114, 2023 WL 1765536, at *3 (S.D. Fla. Feb. 3, 2023) (emphasis added). Some circuit courts have held that a postconviction motion is successive when the movant "file[s] his motions to amend after the district court ha[s] [already] denied his claims[.]" *Beaty v. Schriro*, 554 F.3d 780, 782 (9th Cir. 2009); *accord Ochoa v. Sirmons*, 485 F.3d 538, 540–41 (10th Cir. 2007). Others have concluded that a motion to amend is not successive so long as appellate review has not concluded. *See Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("A motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial §

2255 motion is complete—*i.e.,* before the petitioner has lost on the merits and exhausted her appellate remedies."); *accord Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005).

The Court finds the reasoning of the later group of circuit courts to be more persuasive. It seems wholly reasonable that the adjudication of a § 2255 motion cannot be complete "so long as appellate proceedings following the district court's dismissal of the initial petition remain pending[.]" *Whab*, 408 F.3d at 118; *cf. Clay v. United States*, 537 U.S. 522, 527 (2003) ("Here, the relevant context is postconviction relief, a context in which finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). For case management purposes, the Court adopts the logical multi-step procedure advocated by the Third Circuit in *United States v. Santarelli*, 929 F.3d 95 (3d Cir. 2019). First, any "subsequent habeas petition" filed "during the pendency of an appeal of the district court's denial of the petitioner's initial habeas petition . . . should be construed as a motion to amend the initial habeas petition." *Id.* at 105. Next, the district court must stay the reconstrued motion to amend "pending the resolution of the appeal with respect to the initial habeas petition" since "the pendency of the appeal divests the district court of jurisdiction to consider the 'motion to amend[.]'" *Id.* at 106. Once the appeal has concluded, the district court can then either dismiss the motion to amend as "second or successive" or apply the "Rule 15 standard for amending pleadings"—depending on the outcome of the appeal. *Id.*

The instant Motion is a § 2255 motion that was filed while the denial of Movant's first § 2255 motion is being considered on appeal. Thus, the Court will reconstrue the Motion as a "motion to amend" Movant's original § 2255 motion in Case No. 22-CV-22770. *See Santarelli*, 929 F.3d at 105; *Blackmon*, 803 F. App'x at 234. Once this Motion is properly docketed in that

case number, the Court will stay all of the proceedings in Case No. 22-CV-22770 until the Eleventh Circuit has fully adjudicated Movant's appeal.  *See Santarelli*, 929 F.3d at 106.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Clerk is instructed to **DOCKET** the Motion [ECF No. 1] as a "motion to amend" in Case No. 22-CV-22770.  This case shall be **CLOSED**.  No further pleadings should be filed in this case number.

2.      Case No. 22-CV-22770 shall be **STAYED** pending the resolution of Movant's appeal in Case No. 23-10013 by the Eleventh Circuit.

**DONE AND ORDERED** in Miami, Florida, on this 15th day of February, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:     Fabian Anthony Perpall
        180151566
        Metro West Detention Center
        Inmate Mail/Parcels
        13850 NW 41st Street
        Miami, FL 33178
        PRO SE

        Noticing 2255 US Attorney
        Email: usafls-2255@usdoj.gov